McRabland, J".,
delivered the opinion of the court:
The complainant appeals from the decree of the chancellor sustaining a demurrer to the hill. The hill in substance, charges that complainant was the owner of certain lands in Knox county. That on the 26th of September, 1865, in his absence and without his knowledge or consent, his wife and children executed two deeds, purporting to convey said lands to Robert and "William Caldwell, who at the time well knew that the land belonged to complainant. The bill further charges, that on the 7th of December, 1864, M. V. Kash made an affidavit for an attachment *72 against John Sellars, before a justice of tlie peace of Knox county, and gave bond but without security. An attachment was issued, not only against Sellars, but also against complainant, and Isaac Sharp, his sureties, as to' whom no affidavit had been made or attachment prayed for; that this attachment was levied upon the same land conveyed by his wife and children to Robert and William Caldwell, as before stated. Judgment was rendered by the justice, the papers returned to the circuit court, a judgment of con domination entered, and the land sold and bought by said M. V. Hash, who transferred his bid to Robert Caldwell, to whom the sheriff made a deed. Complainant was out of the state and had no notice of these proceedings. The defendants are in possession of the land. The complainant charges that on the 26th of December, 1873, he filed his bill in the chancery court of Knoxville, against the present defendants, stating the same facts and praying the same relief now prayed for. On the 24th of March, 1874, his bill was dismissed upon motion of the defendants, upon the ground that it was being prosecuted upon the pauper’s oath, taken before notary public, out of the state. Upon an appeal to this court, the decree was affirmed, November, 1874. [See the case reported in 8 Bax., 69.] This bill was filed 23d of March, 1875, within one year from the final decree of this court dismissing his former bill. The prayer of the bill is that the deed of his wife and children, and the attachment proceedings referred to; be declared clouds upon his title, and removed, and that he recover possession, with an account of rents and profits.
Two questions are raised by the demurrer. First, that this is in reality an action of ejectment in the chancery court, the remedy at law being clear; and that a bill to remove clouds cannot be maintained where the defendants are in possession. Our decisions have settled that a bill to remove clouds may be maintained, although the defendant is in adverse possession, and that the court obtaining *73 jurisdiction for one purpose, will give complete relief. See Almony and wife v. Hicks, 3 Head, 39; Bradshaw and wife v. Bridwell, MS., last term.
This, in substance, gives the option of coming into the chancery court, instead of resorting to an action of ejectment, in all cases where the complainant can show that his adversary’s title constitutes a clorid upon his own title, and tends strongly towards giving the chancery court concurrent jurisdiction in the great majority of actions of ejectment, and breaking down all distinction between the jurisdiction of the two courts in cases of this character. A step in this direction is, perhaps, not to be regretted, as the preservation of the distinction is not material to> the rights of the parties. The relief may as well be administered in the one court as in the other.
The deeds of the complainant’s wife and children and the attachment proceedings referred to-, according to the statements of the bill, were inoperative to convey complainant’s title to the land, but would constitute clouds upon his title, which a chancery court has jurisdiction to remove.
The next question is as to the statute of limitations. From the statement of the bill, the complainant would have been barred upon the expiration of seven years from 1st of January, 1867; his first bill was filed a few days before the expiration of that time, and the present bill was filed within one year from the dismissal of the first, and the question is whether this saves the bar under the provisions of sec. 2755 of the Code [Shannon’s Code, sec. 4446]. Under the acts of 1815 and 1819, provisions were tirade for bringing new suits to save the bar in three cases. First, when the judgment for the plaintiff had been reversed on error. Second, where the judgment had been arrested, and, third, where the defendant could not be served with process. See notes to T. and S. Statutes, sec. 2755 [notes to sec. 4446 of Shannon’s Code]; Nicholson v. Lauderdale, 3 Hum., 200. But these sections are em *74 bodied in see. 2755 of tlie Code, and tlie language materially extended, a§ follows: “If the action is commenced within the time limited, hut the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest.”
It was held in the case of Cole v. The Mayor and Aldermen of Nashville, 5 Cold. [639], that tins extended the former acts, and allowed a new7 action to be brought in one year, where the first suit was dismissed by the court because the papers had been lost- and were not supplied when the cause was regularly reached on the docket.
The language -which is held to extend the meaning, is, that if “the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action.” It is argued that the first bill of the complainant was newer properly filed, and could not be considered as a suit properly in court. But vre think it is within the spirit and meaning of the section as above construed. The complainant was endeavoring to assert his right in court, and the parties appeared, and the question was litigated and considered by the court, and the cause was in court until the question was decided and the suit dismissed.
"We hold that the chancellor erred in sustaining the demurrer, and his decree will be reversed, and the cause remanded, the defendant paying the costs of this court.